UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOROTHY JERNIGAN, on behalf of
herself and others similarly situated,

   Plaintiff,

v.

CASE NO.: 2:17-cv-265-FtM-29MRM

1st STOP RECOVERY, INC, a
Florida for Profit Corporation, and
JUDITH MARRA-PTASHINSKI,
Individually,

   Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DOROTHY JERNIGAN ("Plaintiff"), on behalf of herself, and others similarly situated, and by and through the undersigned counsel, files this Complaint against Defendants, 1st STOP RECOVERY, INC, ("1st STOP"), and JUDITH MARRA-PTASHINSKI, Individually ("MARRA" and together with 1st STOP, "Defendants"), and state as follows:

### INTRODUCTION

1. This is an action for failure to pay overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

3. Defendants have violated the FLSA by requiring Plaintiff, and those similarly situated, to work while not clocked in and failing to pay Plaintiff, and those similarly situated,

overtime at time-and-one-half of the Plaintiff's regular rate whenever Plaintiff, and those similarly situated, worked in excess of 40 hours per work week.

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to: (i) recover unpaid overtime wages; (ii) recover an additional equal amount as liquidated damages; and (iii) recover reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Venue is proper as the acts and omissions giving rise to Plaintiffs' claims occurred in Lee County, Florida.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be a resident of Lee County, Florida.

5. At all times material to this action, Defendant 1st STOP RECOVERY, INC, was and continues to be a Florida for Profit Corporation. Further at all times material hereto, Defendant 1st STOP RECOVERY, INC, was, and continues to be, engaged in business throughout The United States as well as in Florida with a principle place of business in Lee County, Florida.

6. At all times material to this action, Defendant, JUDITH MARRA-PTASHINSKI, was an individual resident of the State of Florida, who owned and operated Defendant, 1st STOP RECOVERY, INC.

7. At all times material hereto, Marra regularly held and/or exercised the authority to

hire and fire employees of 1st Stop.

8. At all times material hereto, Marra regularly held and/or exercised the authority to determine the work schedules for the employees of 1st Stop.

9. At all times material hereto, Marra regularly held and/or exercised the authority to control the finances and operations of 1st Stop.

10. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of 1st Stop; (b) determine the work schedules for the employees of 1st Stop; and (c) control the finances and operations of 1st Stop, Johnson is an employer as defined by 29 U.S.C. 201 et. seq.

11. Defendants provide repossession vehicle towing service for financial institutions.

12. At all times hereto, Plaintiff was "engaged in commerce" within the meaning of sections 6 and 7 of the FLSA.

13. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

15. Defendants were and continue to be, an "Employer" within the meaning of the FLSA.

16. At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, Defendants were and continue to be, an enterprise engaged in interstate commerce, within the meaning of the FLSA.

18. Based upon information and belief, the annual gross revenue of Defendants is in

excess of $500,000.00 per annum during the relevant time periods.

19. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

20. At all times hereto, Plaintiff was engaged in interstate commerce and subject to the individual coverage of the FLSA, as she regularly placed and accepted interstate phone calls, used the internet, emails, cloud based software and computing devices to interface with out of state lending institutions regarding delinquent car loans and subsequent repossession efforts

21. At all times material to this action, Defendants advertised on the internet, processed credit cards, communicated via mail, email, and telephone with the clients within and without Florida, and purchased goods produced out of state for use in its business here in Lee County.

22. Further, Defendant(s) had two or more employees who regularly handle vehicles and Defendant(s)' products and equipment, including painting supplies, cleaning supplies, design material, and other equipment, which had previously moved through interstate commerce, during performance of their duties.

23. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

24. Defendants operate a vehicle repossession business in this state.

25. Plaintiff worked for Defendants as an in office repossession agent/office assistant from approximately September 2015 to December 2016.

26. Plaintiff was compensated on an hourly basis.

27. Plaintiff was a non-exempt employee for Defendants.

28. Throughout the duration of her employment, Plaintiff was required to complete various non-exempt duties as her primary job function which included, but were not limited to, placing and receiving telephone calls, drafting and responding to email, data entry, tow truck coordination, and other activities facilitating the repossession of automobiles on behalf of Defendants' clients.

29. At various times, Defendants required Plaintiff to work, and Plaintiff did work, off the clock, without receiving compensation for the hours worked.

30. Plaintiff was not compensated for all of her overtime hours worked at a rate of time-and-a-half-her regular rate.

31. Plaintiff should be compensated at a rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

32. Defendant has violated Title 29 U.S.C. §207 from at least September 2015 and continuing through today, in that:

    a. Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA.

33. Upon information and belief, Defendants did not rely upon any written

administrative regulation, order, ruling, approval or interpretation of the Department of Labor Wage and Hour Division in creating Plaintiff's pay structure.

34. Defendants knew or should have known with reasonable diligence that their conduct violated the Fair Labor Standards Act or was in reckless disregard for its provisions. As such, Defendants' violation of the law was willful.

35. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

36. Defendants were unjustly enriched by accepting the benefit and value of Plaintiff's work pursuant to the policies and procedures outlined above, but not compensating Plaintiff for this work.

37. Defendants employed and are employing other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

38. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
### RECOVERY OF OVERTIME COMPENSATION

39. Plaintiff realleges and reavers paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Plaintiff was an employee of Defendant.

41. Defendants were employers as defined by the FLSA.

42. Defendant, 1st Stop, is a covered enterprise as defined by the FLSA.

43. From at least and approximately from September 2015 and continuing through December 2016, Plaintiff worked in excess of the forty (40) hours in one or more workweeks for

6

which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

44. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

45. At all times material hereto, on information and belief, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

46. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is, due.

47. Defendants have failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employee for fewer hours than they actually worked.

50. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on behalf of herself and on behalf of those similarly situated, request conditional certification; pursuant to Section 216(b) of the FLSA, of the employees who worked over 40 hours in one or more workweeks, an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## UNJUST ENRICHMENT

51. Plaintiff re-alleges and reincorporate paragraphs 1 through 38 as if fully set forth herein.

52. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as her overtime claims.

53. Plaintiff, and all others similarly situated to her, performed work for Defendants off the clock for which they were not compensated.

54. Plaintiff, and all others similarly situated to her, seek compensation for the time spent working while not clocked in to the extent that these hours cannot be captured as part of their overtime claims in Count One, because the addition of these work hours may be less than forty (40) hours within a single work week.

55. Defendants accepted the performance of, and retained the benefit of, the work performed by Plaintiff, and all others similarly situated to her, on their behalf without paying for that work.

56. Defendants have been unjustly enriched as a result of its accepting the work of

Plaintiff, and others similarly situated to her, without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of the collective class's labor without proper compensation.

WHEREFORE, Plaintiff, on behalf of herself and on behalf of those similarly situated, request class certification, pursuant to rule 23 of the Federal Rules of Civil Procedure, of the employees who worked less than 40 hours in one or more workweeks who were not compensated for all of their time worked while in the employ of Defendants, an order permitting Notice to all potential class members; a Declaration that Defendants' were unjustly enriched by failing to compensate Plaintiff, and those similarly situated, for work performed while in the employ of Defendants; entry of judgment in Plaintiff's favor and against Defendants for actual and punitive damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 12th day of May, 2017.

Respectfully submitted,

**Morgan & Morgan, P.A.**

By: /s/ *Paul M. Botros*
Paul M. Botros, Esq.
FL Bar No.: 63365
600 N. Pine Island Rd., Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3517
E-mail: PBotros@forthepeople.com
*Trial Counsel for Plaintiff*

9