UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOROTHY JERNIGAN, on behalf
of herself and others
similarly situated,

        Plaintiff,

v.                              Case No: 2:17-cv-265-FtM-99MRM

1ST STOP RECOVERY, INC, a
Florida for Profit
Corporation, and JUDITH
MARRA-PTASHINSKI,
individually,

        Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to
Dismiss Count II of Plaintiff's Complaint (Doc. #14) filed on June
21, 2017. Plaintiff filed a Response in Opposition on July 5,
2017. For the reasons set forth below, the motion is denied.

**I.**

On February 16 2017, plaintiff Dorothy Jernigan (plaintiff or
Jernigan), filed a two-count Complaint (Doc. #1) against her former
employers, 1st Stop Recovery, Inc. and Judith Marra-Ptashinski
(collectively "defendants"). Plaintiff alleges failure to pay
overtime wages in violation of the Fair Labor Standards Act (FLSA)

(Count I) and a state-law claim of Unjust Enrichment (Count II). Marra-Ptashinski owns and operates 1st Stop Recovery. (<u>Id.</u> ¶ 6.)

According to the Complaint, defendants hired plaintiff in September 2015 to work as a non-exempt, hourly paid office repossession agent/office assistant. (Doc. #1, ¶¶ 25-27.) From September 2015 to December 2016, while an hourly employee, plaintiff was not paid for all of the overtime hours worked. (<u>Id.</u> at ¶ 30.) Throughout the duration of her employment, plaintiff was required to complete various non-exempt duties as her primary job function. (<u>Id.</u> at ¶ 28.) At various times, defendants required plaintiff to work, and plaintiff did work, off the clock with no compensation. (<u>Id.</u> at ¶ 29.)

Defendants seek dismissal of Count II (unjust enrichment) for failure to state a claim because the claim is duplicative of plaintiff's FLSA claim and is preempted by the FLSA.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

Defendant argues that to the extent plaintiff is attempting to state a claim for unpaid wages via a state-law claim for unjust enrichment, the claim must fail as Section 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act. Plaintiff responds that her unjust enrichment claim seeks to recover amounts due and owing to her that may not otherwise be recoverable pursuant to the FLSA, frequently known as "gap time." That is, non-overtime hours for which an employee is not compensated.[1] Count II seeks recovery for "gap time" hours that were worked but "cannot be captured as part of [her] overtime claims in Count One, because the addition of these work hours may be less than forty (40) hours within a single week." (Doc. #1, ¶ 54.)

Although the issue has yet to be addressed by the Eleventh Circuit, whether "gap time" is recoverable under the FLSA has been addressed by at least three other circuits which ruled against

---

[1] Gap time

refers to time that is not covered by the overtime provisions because it does not exceed the overtime limit, and to time that is not covered by the minimum wage provisions because, even though it is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked.

Adair v. City of Kirkland, 185 F.3d 1055, 1062 n.6 (9th Cir. 1999).

FLSA coverage. See Davis v. Abington Memorial Hosp., et al., 765 F.3d 236, 244 (3d Cir. 2014) (noting that courts "widely agree" that there is no cause of action under the FLSA for pure gap time wages – "that is, wages for unpaid work during pay periods without overtime" – because the FLSA requires payment of minimum wages and overtime wages only); Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F. 3d 106 (2d Cir. 2013); Monahan v. Cty. Of Chesterfield, Va., 95 F.3d 1263, 1280 (4th Cir. 1996). See also, Thrower v. Peach Cty., Georgia, Bd. of Educ., No. 5:08-CV-176 MTT, 2010 WL 4536997, at *5 (M.D. Ga. Nov. 2, 2010) ("[T]he clear weight and trend of authority, nearly twenty years later, is that pure gap time claims are not compensable."); Foster v. Angels Outreach, LLC, No. CIVA 206CV980-ID WO, 2007 WL 4468717, at *3 (M.D. Ala. Dec. 17, 2007) ("[The FLSA] does not provide a remedy to Plaintiffs for their unpaid contractual wages which exceed the statutory mandated minimum wage."); Ealy-Simon v. Liberty Med. Supply, Inc., No. 05-14059-CIV, 2007 WL 7773834, at *6 (S.D. Fla. Feb. 12, 2007) ("FLSA law is such that an employee can seek minimum wage or overtime compensation only (and hence no straight or 'gap' time)").

Here, the Court recognizes the authority finding that the FLSA fails to provide relief for "gap time" claims and therefore finds that Count II is not duplicative of, nor pre-empted by, the FLSA. Because there is otherwise no adequate remedy at law under

the FLSA for such a claim, equitable relief may be pursued. See Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518 (11th Cir. 1994).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motion to Dismiss Count II of Plaintiff's Complaint (Doc. #14) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of August, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record