UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOROTHY JERNIGAN, on behalf of
herself and others similarly situated,

    Plaintiff,

v.                                        Case No:   2:17-cv-265-FtM-99MRM

1ST STOP RECOVERY, INC and JUDITH
MARRA-PTASHINSKI,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are the parties' Joint Motion to Approve Settlement Agreement and Joint Stipulation for Dismissal With Prejudice (Doc. 41), filed on March 26, 2018, and the Settlement Agreement and Release of FLSA Claims (Doc. 43-1), filed on March 28, 2018. Plaintiff Dorothy Jernigan and Defendants 1st Stop Recovery, Inc. and Judith Marra-Ptashinski request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. (Doc. 21 at 1). As set forth herein, the Court cannot recommend that the Joint Motion to Approve Settlement Agreement and Joint Stipulation for Dismissal With Prejudice (Doc. 43-1) be granted and the proposed Settlement Agreement be approved as they currently stand.

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to

employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

In this case, the Court finds the general terms of the Settlement Agreement to be reasonable. However, the Court finds the terms of the "General Release of All Compensation-Related Claims" provision preclude approval of the Settlement Agreement at this time. (Doc. 43-1 at 2 ¶ 2).[1] The Settlement Agreement contains the following language as to the General Release of All Compensation-Related Claims:

> Plaintiff knowingly and voluntarily releases and forever discharges Defendants and their respective heirs, executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and their current and former employees, attorneys, officers, owners, directors, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, as well as Joseph Ptashinski (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff had, has, or may have against Releasees as of the date of execution of this Agreement in connection with her alleged entitlement to any compensation through her employment with 1st Stop including, but not limited to, any alleged violation of:
> - The Fair Labor Standards Act ("FLSA");
> - Breach of Contract;
> - The Equal Pay Act;
> - Florida Wage Discrimination Law - Fla. Stat. § 448.07;
> - Florida Equal Pay Law - Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;
> - Florida Wage Payment Laws;

---

[1] In its prior Order (Doc. 42), the Court pointed out that the parties had requested that the Court retain jurisdiction for a period of sixty (60) days, but the parties did not provide compelling circumstances to justify the Court retaining jurisdiction. (Doc. 42 at 2). The Court invited the parties to file a supplemental memorandum demonstrating such compelling circumstances. (*Id.*). Based upon their proposed Order (Doc. 43-2), the parties are no longer pursuing this request. (*See* Doc. 43-2 ("The Court denies the Motion to the extent that the Court will not retain jurisdiction to enforce the terms of the settlement.")). Thus, the Court addresses only the general release provisions.

2

- any other federal, state or local law, rule, regulation, or ordinance regarding employment compensation;
- any public policy, contract, tort, or common law regarding employment compensation;
- any compensatory damages, including emotional distress damages, and all other damages related to her compensation; and/or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters other than as set forth in this Agreement and in the Parties' Confidential Settlement Agreement and General Release executed contemporaneously with this Agreement.

(Doc. 43-1 at 2-3 ¶ 2(a)).

The *Lynn's Food Store* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). Moreover, the mutuality of a general release does not resolve the issue because a reciprocal release is "equally as indeterminate as Plaintiff's release." *Shearer*, 2015 WL 2402450, at *4.

In the Settlement Agreement, Defendant agrees to pay Plaintiff the sum of $1,545.39, which represents unpaid compensation, including overtime compensation, and an equal amount, which represents liquidated damages. (Doc. 43-1 at 4 ¶ 3(a)). The balance of the $12,000.00 payment represents attorney's fees and costs. (*Id.*). Thus, the Settlement Agreement arguably does not provide additional compensation for Plaintiff to enter into a release of claims other than those related to Plaintiff's FLSA claim here.

For the foregoing reasons, the Undersigned cannot make the requisite determination under *Lynn's Food Store* as to the fairness and reasonableness of the proposed Settlement Agreement and Release of FLSA Claims. Although the other terms of this Settlement

Agreement appear fair and reasonable, the issues associated with General Release preclude full and final approval of the Settlement Agreement and Release of FLSA Claims as currently proposed.

**IT IS RESPECTFULLY RECOMMENDED:**

(1)   The Motion for Approval of Settlement (Doc. 11) be **DENIED** without prejudice.

(2)   The parties be ordered to elect one of the following options **no later than May 15, 2018**:[2]

   a. File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein; or

   b. File a Case Management Report so this case may proceed.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 2, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[2] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties