UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO. 2:17-cv-00265-UA-MRM

DOROTHY JERNIGAN, on behalf of
herself and others similarly situated,

    Plaintiff,

v.

1st STOP RECOVERY, INC., a Florida for
profit corporation, and JUDITH MARRA-
PTASHINSKI, individually,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made this 12th day of April 2018, by and between Dorothy Jernigan ("Plaintiff") and 1st Stop Recovery, Inc. ("1st Stop") and Judith Marra-Ptashinski ("Marra") (collectively "Defendants"). Plaintiff and Defendants will collectively be referred to as the "Parties."

WHEREAS, Plaintiff through the above-referenced case, alleged unpaid compensation was due to her pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA claim");

WHEREAS, Defendants deny liability and/or any other wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendants wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously.

CASE NO: 2:17-cv-00265-UA-MRM

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned Parties that the above-styled case is hereby resolved as follows:

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FLSA AND UNPAID COMPENSATION CLAIMS.**

    a. **General Release of All FLSA Claims.** Plaintiff knowingly and voluntarily releases and forever discharges Defendants and their respective heirs, executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and their current and former employees, attorneys, officers, owners, directors, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, as well as Joseph Ptashinski (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff had, has, or may have against Releasees arising under the Fair Labor Standards Act ("FLSA"), including the Equal Pay Act, as of the date of execution of this Agreement.

    b. **Claims Not Released.** Notwithstanding anything to the contrary, Plaintiff is not waiving any rights she may have to: (a) her own vested accrued employee benefits under 1st Stop's health, welfare, or retirement benefit plans; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this

2

CASE NO: 2:17-cv-00265-UA-MRM

Agreement; and/or (e) challenge the validity of this Agreement. The Parties acknowledge that Plaintiff is not waiving her right to proceed with proceedings for unemployment compensation in connection with her employment with 1st Stop.

    c. **Effectiveness Of Release.** Any release contained hereineabove or below shall not be effective, final and binding if Defendants fail to make any portion of the payments described in Paragraphs 3 (including its subparts) or if any of said payments do not clear or if any of said payments are reversed due to bankruptcy proceedings filed by or against any Defendant.

    d. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (*e.g.*, EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiff's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies related to any alleged FLSA claim.

3. **CONSIDERATION.**

    a. Within ten (10) days after: (1) Plaintiff's counsel delivers to Defendants' counsel an executed copy of this Agreement, W-4 and W-9 forms executed by Plaintiff and an executed W-9 form from Plaintiff's counsel, and (2) the Court approves this Agreement and dismisses the case, with prejudice, 1st Stop and Marra shall pay to Plaintiff the

3

CASE NO: 2:17-cv-00265-UA-MRM

total sum of Twelve Thousand Dollars ($12,001) (hereinafter "Settlement Sum"), as described below:

    i. a check payable to the order of Dorothy Jernigan in the gross amount of One Thousand Five Hundred Forty-Five Dollars and Thirty-Nine Cents ($1,545.39) less lawful withholdings, representing all alleged unpaid compensation under the FLSA, including, but not limited to, overtime compensation, for which a W-2 Form will issue;

    ii. a check payable to the order of Dorothy Jernigan in the gross amount of One Thousand Five Hundred Forty-Six Dollars and Thirty-Nine Cents ($1,546.39), representing liquidated damages and consideration for a general release of any FLSA claim not alleged in the Complaint, for which a 1099 Form will be issued; and

    iii. a check payable to the order of the Morgan & Morgan, P.A. (Federal Tax Id. No. 59-2920684) in the gross amount of Eight Thousand Nine Hundred and Nine Dollars and Twenty-Two Cents ($8,909.22) as attorneys' fees and costs.

The Parties acknowledge that $12,000.00 of the foregoing settlement funds are for the settlement of Plaintiff's claims under the FLSA as pled in her Complaint, and the remaining $1.00 of the settlement is for a release of any FLSA claim she could have asserted against Defendants, if any.

Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph, except for her execution of this Agreement, including the release of FLSA claims contained herein, and her fulfillment of the promises contained herein. Aside from the taxable portion of the settlement funds for which a W-2 form will issue, the remaining settlement funds will be reported to the Internal Revenue Service by means of a Form 1099.

    b. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed

against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff pursuant to Paragraph 3(a)(ii) of this Agreement.

    c. Each payment, as described in Paragraph 3 above, must be received by Plaintiff's counsel (c/o Paul M. Botros, Esq., Morgan & Morgan, P.A., 600 N. Pine Island Road, Ste. 400, Plantation, Florida, 33324) within the time specified above. If Defendants fail to make the payments described above by the due date, Morgan & Morgan, P.A. will notify the Defendants' representative (Valerie Hooker, Esquire) by e-mail at valerie.hooker@jacksonlewis.com (or another attorney designated by Defendants at any time between the execution of this Agreement and the date that the proceeds are paid in full, and if no attorney is so designated, to Defendants themselves) and request a cure of this defect. The Defendants shall thereafter have five (5) days from the date of the notice to cure the defect (the "Cure Period"). If the defect is not cured within the Cure Period, the remaining balance of all amounts owed under this Agreement shall become immediately due and owing. Plaintiff shall have the right to immediately file suit or petition the court presiding over the Lawsuit to enter final judgment in favor of Plaintiff, and Defendant agrees to entry of Judgment in Plaintiff's favor (i) in an amount equal to the total amount due under Paragraph 3, less any payments made, (ii) interest (at the applicable State of Florida interest rate in effect) from the date of execution of the Agreement, and (iii) reasonable attorneys' fees and costs associated with the entry of such judgment. Further, Defendant agrees to waive any defenses except payment.

    d. In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in

CASE NO: 2:17-cv-00265-UA-MRM

any such action. Each Defendant agrees that it/she is jointly and severally liable for any costs and/or fees that become due under this paragraph of this Agreement.

4. **BANKRUPTCY.** Defendants acknowledge that the obligations of this agreement are not dischargeable in bankruptcy to the extent that each Defendant avers, warrants and represents that it currently has the financial ability, desire and intent to make the payments as scheduled herein, and further acknowledges that Plaintiff is specifically relying upon such representation of Defendants. Further, Defendants aver, warrant and represent that any payments made hereunder shall not render the Defendants insolvent nor are any such payments being made while the Defendant is actually insolvent.

5. **NO ADMISSION.** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA.

6. **CONFIDENTIALITY.** This Agreement may not be introduced in any proceeding except when required to obtain approval hereof, to enforce this Agreement or where this Agreement will be a defense. Except as required by law, rule, regulation, subpoena or where obtaining approval of this Agreement, neither Plaintiff nor her representatives, including, but not limited to, her attorneys, shall disclose to any person or entity any information whatsoever regarding: (i) the substance of this action; (ii) the facts surrounding this action or Plaintiff's claim or any facts of alleged unlawful or improper conduct by Defendant; (iii) the existence or substance of this Agreement; or (iv) any matters pertaining to this action. If asked about the disposition of Plaintiff's claims, Plaintiff, or her representatives, will state only that "...this matter has been resolved to the satisfaction of all parties concerned." The above limitation does

not include Plaintiff's disclosure of such information to her spouse, or to any attorneys, accountants and professional tax advisers with whom she chooses to consult or seek advice regarding her consideration of and decision to execute this Agreement.

7. **OPPORTUNITY TO REVIEW.** Plaintiff acknowledges that she is aware she is giving up all FLSA claims she may have against the Releasees. Plaintiff acknowledges she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted with her counsel-of-record, her attorneys with Morgan & Morgan, P.A., prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

8. **SEVERABILITY.** Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language and the payment obligations set forth above, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **VENUE AND GOVERNING LAW.** This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

10. **ENTIRE AGREEMENT AS TO UNPAID COMPENSATION.** This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of any claim under the FLSA. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this

CASE NO: 2:17-cv-00265-UA-MRM

Agreement, except those set forth in this Agreement, and the Parties' Confidential Settlement Agreement and General Release executed by Plaintiff on March 15, 2018.

11. **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by the Parties and which makes specific reference to this Agreement.

12. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND ALL COMPENSATION-RELATED CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN SECTION 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

CASE NO: 2:17-cv-00265-UA-MRM

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**DOROTHY JERNIGAN**

By: *[signature]*

Date: 4/12/18

1ST STOP RECOVERY, INC.

By: *[signature]*

Name: Lizeth Marra

Title: Pres.

Date: 4/13/18

**JUDITH MARRA-PTASHINSKI**

By: *[signature]*

Date: 4-13-18

4822-0248-6369, v. 3

9