UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOROTHY JERNIGAN, on behalf of
herself and others similarly situated,

    Plaintiff,

v.                                                                        Case No:   2:17-cv-265-FtM-99MRM

1ST STOP RECOVERY, INC and JUDITH
MARRA-PTASHINSKI,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Pending before the Court are the parties' Joint Motion to Approve Settlement Agreement and Joint Stipulation for Dismissal of Lawsuit With Prejudice (Doc. 45) and the Settlement Agreement and Release of FLSA Claims (Doc. 45-1) filed on April 16, 2018.  Plaintiff Dorothy Jernigan and Defendants 1st Stop Recovery, Inc. and Judith Marra-Ptashinski request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.  (Doc. 45 at 1).  As set forth below, the Court recommends that the Joint Motion to Approve Settlement Agreement and Joint Stipulation for Dismissal With Prejudice (Doc. 45) be granted.[1]

    To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

[1] On April 2, 2018, the Court entered a Report and Recommendation recommending that the Joint Motion to Approve Settlement Agreement and Joint Stipulation for Dismissal With Prejudice (Doc. 41) be denied based on the terms of the General Release.  (*See* Doc. 44 at 3-4).  The Honorable John E. Steele, United States District Judge, adopted the Report and Recommendation in an Opinion and Order (Doc. 46).  Now the parties have filed a revised Joint Motion (Doc. 45) and a revised Settlement Agreement and Release of FLSA Claims (Doc. 45-1) correcting the issues raised by the Court.

pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff asserts that from approximately September 2015 to December 2016, she worked for Defendants as an office repossession agent/office assistant. (Doc. 1 at 4 ¶ 24). Plaintiff claims that Defendants required her to work off the clock without receiving compensation. (*Id.* at 5 ¶ 29). Further, Plaintiff claims that Defendants did not compensate her for all of her overtime hours. (*Id.* at 5 ¶ 30).

In the FLSA Settlement Agreement, Defendants deny any liability in this action. (*See* Doc. 45-1 at 1). Thus, even though a *bona fide* dispute exists between the parties, the parties

2

decided to settle this matter. (Doc. 45-1 at 1-2). Defendants agree to pay Plaintiff $1,545.39 for all unpaid compensation and $1,546.39 for liquidated damages and a general release of any FLSA claim not alleged in the Complaint. (Doc. 45-1 at 4 ¶ 3(a)(i)-(ii)).[2] The Court determines after review of the Settlement Agreement that these terms are reasonable.

Defendant also agrees to pay $8,909.22 in attorney's fees and costs. (Doc. 45-1 at 4 ¶ 3(a)(iii)). The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to Plaintiff. (Doc. 45 at 2). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to Plaintiff. The Settlement Agreement

---

[2] The parties agree that Defendants shall pay $1,545.39 in liquidated damages and an additional $1.00 as a settlement and release of any FLSA claims Plaintiff could have asserted against Defendants, if any. (Doc. 45-1 at 4 ¶¶ 3(a)). The Court finds these terms reasonable.

and Release of FLSA Claims (Doc. 45-1) appears reasonable on its face.  Thus, the Court recommends that the Settlement Agreement and Release of FLSA Claims (Doc. 45-1) be approved.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Joint Motion to Approve Settlement Agreement and Joint Stipulation for Dismissal of Lawsuit With Prejudice (Doc. 45) be **GRANTED**.

2) The Settlement Agreement and Release of FLSA Claims (Doc. 45-1) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues.

3) If the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 17, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties